UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jimmy C.T.P., <br><br> Petitioner, <br><br> v. <br><br> Pamela Bondi, *in her official capacity as Attorney General of the United States*; Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director of Immigration and Customs Enforcement*; David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and Joel Brott, *in his official capacity as Sheriff of Sherburne County, Minnesota*, <br><br> Respondents. | Civil No. 26-1688 (DWF/JFD) <br><br><br> MEMORANDUM <br> OPINION AND ORDER |

### INTRODUCTION

This matter is before the Court on Petitioner Jimmy C.T.P.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a form response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. No. 4.) For the reasons set forth below, the Court grants the Petition and orders Respondents to release Petitioner immediately.

### BACKGROUND

Petitioner is a citizen of Ecuador who lives in the United States. (Doc. No. 1 ¶¶ 1, 15, 28-29.) He entered the United States in April 2022, was detained, and then was

released from custody pursuant to an order for release on recognizance ("OREC"). (*Id.* ¶¶ 1, 3, 15, 30.) He has not violated the conditions of his release and has no criminal record. (*Id.* ¶¶ 1, 5, 32.) The OREC has not been revoked. (*Id.* ¶¶ 3, 31.) Petitioner applied for asylum but was denied by an immigration judge, and that application is currently pending on appeal. (*Id.* ¶¶ 1, 15, 31.)

On December 23, 2025, agents from U.S. Immigration and Customs Enforcement ("ICE") crashed into Petitioner's car while he was driving to work. (*Id.* ¶ 3.) The ICE agents then arrested him despite the fact that Petitioner showed the agents his immigration documents. (*Id.* ¶¶ 1, 3, 31.) Petitioner is currently in ICE detention at the Sherburne County Jail in Elk River, Minnesota. (*Id.* ¶¶ 11, 15, 33.)

Petitioner filed the Petition on March 2, 2026. (*Id.* at 23.) He claims that his detention is unlawful under the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act. (*Id.* ¶¶ 52-64.) Petitioner requests, among other things, release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226(a). (*Id.* at 22.) Respondents timely filed a form response. (Doc. No. 4.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a

preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents submitted a form response, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), and pointing the Court to their arguments in a pending Eighth Circuit case: *Avila v. Bondi*, No. 25-3248. (*See* Doc. No. 4.) As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for almost four years and has a pending asylum application. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Further, it seems that Petitioner was previously released on his own recognizance under § 1226. Respondents fail to address the impact of his prior release under § 1226. Respondents do not show that Petitioner's order for release on recognizance was revoked

3

or that there was any change in circumstances that would warrant its revocation. Sections 1225 and 1226 are meant to address different populations, they are not interchangeable. *See Adriana M.Y.M. v. Easterwood*, No. 26-cv-213, 2026 WL 184721, at *4 (D. Minn. Jan. 24, 2026) (citing *Jennings*, 583 U.S. at 285-90).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detention. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detention and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 4). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.    Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2.     The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3.     Respondents are **ORDERED** to release Petitioner from custody immediately, subject only to the conditions of his prior Order of Release on Recognizance.

4.     Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5.     Respondents are directed to release Petitioner:

   a.     In Minnesota;

   b.     With all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone;

   c.     Without any new conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll in and complete an "Alternatives to Detention" program;

   d.     Without any tracking devices or use of a tracking application; and

   e.     With all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.

6.     Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.  Petitioner's counsel is Graham Ojala-Barbour who can be reached at 651-214-6284.

7.     Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

8. Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 6, 2026                        s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge